# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## Case No. 19-CV-62092-BLOOM/Valle

CEDRIC CUNNINGHAM,

      Plaintiff,

v.

DEPARTMENT OF JUSTICE,

      Defendant.

_____/

## ORDER ON MOTION FOR LEAVE TO PROCEED
## IN FORMA PAUPERIS AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the *pro se* Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] (the "Complaint"). Plaintiff Cedric Cunningham ("Plaintiff") has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court has carefully reviewed the Complaint, the Motion, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and the Motion is **DENIED AS MOOT**.

Fundamental to our justice system is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")).

Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis,* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

"A claim is frivolous when it 'has little or no chance of success,' that is, when it appears 'from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.'" *Hoang v. DeKalb Housing Authority*, 2014 WL 1028926, at *1 (N.D. Ga. March 19, 2014) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim is frivolous "where it lacks an arguable basis either in law or in fact").

Plaintiff's Complaint must be dismissed because it is patently frivolous. The Complaint consists of an unintelligible narrative relating to a conspiracy to coerce Plaintiff into committing a vehicular assault. The alleged scheme involves "a scam on television … where Cedric Cunningham was illegal[ly] wiretap[ped]" and coerced "through witchcraft." ECF No. [1] at 12. The alleged participants in the scam include "the President of Russia," "the Prince of England,"

and "Robert Mueller." Though the Court is sympathetic to any unfair treatment Plaintiff may have experienced at the hands of the law, it cannot ascertain any plausible claim for relief against the Department of Justice from Plaintiff's words. Plaintiff neither presents any actionable legal theories nor identifies any comprehensible factual claims.

As presented in the Complaint, Plaintiff's claims are baseless and, thus, must be dismissed as frivolous. *See Jackson v. Arnold*, 2014 WL 1783859, at *1 (S.D. Ga. April 1, 2014) ("Jackson's complaint is subject to immediate dismissal since it is patently frivolous.  He invokes no legal theory or statute, and relies on a facially absurd 'Affidavit' in which he declares himself a 'living, breathing, flesh-and-blood, sentient, real man who has formed a contract' with the defendants. . . .  At best he advances babbling nonsense.") (quotation marks omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) ("The sole exception to this rule [that a court must accept a complaint's allegations as true, no matter how skeptical the court may be] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar"); *Neitzke*, 490 U.S. at 328 (a complaint is legally frivolous when it contains "claims of infringement of a legal interest which clearly does not exist"); *Gallop v. Cheney*, 642 F.3d 364, 366, 368-69 (2d Cir. 2011) (district court properly *sua sponte* dismissed complaint as factually frivolous where plaintiff alleged that senior government officials caused the September 11, 2001 attacks); *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (holding that complaint may be dismissed before service of process where its legal theories are indisputably meritless).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITH PREJUDICE.**

2. Plaintiff's Motion, **ECF No. [3],** is **DENIED AS MOOT.**

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 22, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Cedric Cunningham
1461 NW 33rd Way
Fort Lauderdale, FL 33311